# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SONIA WILLIAMS,

        Plaintiff,

v.                                                                  Case No. 09-CV-1147

TAYCHEEDAH CORRECTIONAL INSTITUTION,
LT. AUBERTSON, C.O. NUTTER, and C.O. DODD,

        Defendants.

## ORDER

        The plaintiff, Sonia Williams, who is incarcerated at Taycheedah Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that her civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

        The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of her prison trust account statement for the six-month period immediately preceding the filing of her complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $11.95.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

2

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that when she arrived at Taycheedah Correctional Institution on May 23, 2008, she was issued a white pair of shoes with velcro fasteners that was three sizes too small. The plaintiff wears a size 9½ and the state-

3

issued shoes were size 6½. She reported this to staff and was told that they did not have her size. Defendant Dodd forced the plaintiff to wear the small shoes "properly" and to stop walking on the backs of shoes. Defendant Nutter told the plaintiff she had to walk in them the correct way even though the shoes were causing her feet, ankle, and hip to experience extreme discomfort. Lt. Albertson stated there were no shoes anywhere in the prison that would fit her size, so she was stuck with the small shoes. It took three days for the plaintiff to get the right sized pair of shoes because of the Memorial Day holiday.

The plaintiff brings claims under the Eighth and Fourteenth Amendments based on the suffering she had to endure. For relief, she seeks $300,000 for the pain in her feet, her hip problems, and punitive damages for forcing her to wear the small shoes for three days.

To plead an Eighth Amendment claim, the plaintiff need only allege that prison officials deliberately ignored conditions of confinement that failed to meet contemporary requirements of minimal decency. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). Minimal decency requires the prison to provide reasonably adequate sanitation and protection from the cold. *See Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997).

The plaintiff alleges that wearing the too-small shoes for three days was uncomfortable, even painful, and no doubt it was. However, an objectively, sufficiently serious injury is one that deprives an inmate of "the minimal civilized

4

measure of life's necessities, *see Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), and only extreme deprivations will support an Eighth Amendment claim. *Delaney*, 256 F.3d at 683. The plaintiff does not allege an objectively sufficiently serious deprivation to implicate the Eighth Amendment. *See Ashann-Ra v. Virginia*, 112 F. Supp. 2d 559, 563-64 (W.D. Va. 2000) (prisoner did not state Eighth Amendment claim based on allegations that correctional officers failed to provide him with well-fitting shoes where he did not allege facts indicating that he suffered any serious physical injury to his feet or any other part of his body as a result of officers' failure to provide him with well-fitting shoes for 24 days and did not allege facts indicating that correctional officers exhibited deliberate indifference in failing to provide him with properly fitting shoes more quickly); *Wallace v. Carver*, 2008 WL 4154413 (D. Utah 2008) (unpublished) (prisoner who alleged that he was forced to wear shoes that were too small for about one month, while correct-sized shoes were being ordered, failed to state an Eighth Amendment claim); *see also Wellons v. Townley*, 528 F. Supp. 73, 75 (W.D. Va. 1981) (requirement that prisoner wear uncomfortably small shoes for temporary time in order to visit dentist was not basis of cognizable action).

Additionally, the plaintiff alleges that her new shoes arrived at the prison three days after it was discovered that correct-sized shoes were not available anywhere in the institution. Thus, the plaintiff's allegations do not indicate the defendants were aware of and disregarded the problem, but rather, the defendants were both aware

5

of and remedied the problem. As such, the plaintiff does not allege that the defendants acted with deliberate indifference.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support her claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $326.10 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of

6

Case 2:09-cv-01147-WEC    Filed 03/25/10    Page 6 of 7    Document 4

Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 25th day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge